635 A.2d 722

**Michael J. SARGO and Mary J. Sargo, his wife, Appellants,**

v.

**WEST PENN POWER COMPANY.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1993.

Decided Dec. 23, 1993.

Robert D. Sebastian, for appellants.

Thomas F. Weis, for appellee.

Before CRAIG, President Judge, McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Michael J. and Mary J. Sargo appeal from the order of the Court of Common Pleas of Allegheny County that "ordered, adjudged and decreed" a settlement agreement between Sargos and West Penn Power Company (West Penn Power). We vacate and remand.

This case of first impression concerns the January 1993 order by the Honorable Bernard McGowan, approving a compromise and settlement between the Sargos and West Penn Power. The order stated the following:

1. West Penn Power shall remove its pole No. 103269 from its present location on the property owned by Michael Sargo and Mary Sargo. . . . West Penn shall begin to process this matter immediately. In the event that it becomes impossible to obtain the necessary permits and rights-of-ways referred to in Exhibit A or in the event that it becomes impossible to perform the work for the sum of $6,516.07, then West Penn Power Company shall pay to the [Sargos] the sum.of $6,500 and pole No. 103269 shall remain in place.

2. In addition to the removal of pole No. 103269 from [Sargos'] property or in lieu thereof as is more fully set forth above, the defendant West Penn Power Company shall in addition pay to the [Sargos] the sum of $6,000.00.

Sargos appeal this order, alleging that they did not authorize their attorney to enter into a settlement agreement whereby West Penn Power would not be *required* to remove its pole No. 103269. Judge McGowan was thus required pursuant to Pa.R.A.P. 1925(a) to file an opinion in support of his order.[1] Judge McGowan filed a statement in lieu of an opinion and an order of court directing Sargos to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 8, 1993, Sargos filed a statement of matters complained of pursuant to Judge McGowan's order. However, all of the matters complained of are outside the record in this case and there is no evidence to support them. Pa.R.A.P. 302(a) states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Because the learned trial court did not have an opportunity to consider any evidence regarding Sargos' approval or non-approval of the settlement, we must vacate Judge McGowan's order of January 19, 1993, and remand the case to the trial court in order that it may either confirm approval of the

1. No notice of appeal was mailed to West Penn Power nor served upon West Penn Power's attorney of record nor upon Judge McGowan.

compromise, or abrogate the compromise and hold further proceedings.

McGINLEY, J., concurs in the result only.

### ORDER

AND NOW, this 23rd day of December, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.